IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40309
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HOMERO REYES-DE LA CRUZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(M-97-CR-326-1)
- - - - - - - - - -

January 11, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Homero Reyes-De la Cruz ("Reyes") was
convicted for attempting to enter the United States after having
been previously deported, in violation of 8 U.S.C. § 1326(a).  For
the first time on appeal, Reyes contends that the district court
erred in enhancing his sentence by 16 levels pursuant to
§ 2L1.2(b)(1)(A) because (1) the definition of "aggravated felony"
in 8 U.S.C. § 1101(a)(43)(G) is unconstitutionally vague; and (2)
the enhancement was based on a prior marijuana-possession
conviction in Ohio, which Reyes argues is distinguishable from

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"drug trafficking" as cited to by the guideline. As this issue was not raised in the district court, we review it for plain error only. See United States v. Spires, 79 F.3d 464, 465-66 (5th Cir. 1996); see also United States v. Knowles, 29 F.3d 947, 950-51 (5th Cir. 1994) (alleged constitutional error in criminal conviction reviewed for plain error, although "errors of constitutional dimension will be noticed more freely than less serious errors"). To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but is not required to do so. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-35 (1993)).

"A criminal statute is void for vagueness under the Due Process Clause of the Constitution when it fails to provide a person of ordinary intelligence fair notice of the conduct it proscribes." United States v. Nevers, 7 F.3d 59, 61 (5th Cir. 1993) (citations omitted); see United States v. Giles, 640 F.2d 621, 628 (5th Cir. 1981) (holding a criminal statute is invalid if it fails to give fair notice to a person of ordinary intelligence that his contemplated conduct is an offense). But due process does not "mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." United States v. Pearson, 910 F.3d 221, 223 (5th Cir. 1991); see also United States v. Brito, 136 F.3d 397, 407 (5th

Cir.) (holding, in challenge to "substantial income or resources" prong of continuing-criminal-enterprise statute, that "[t]he due process concern of giving individuals sufficient notice as to what activities are prohibited is simply not an issue in this case" because the provision does not make otherwise legal conduct a crime, but merely enhances the penalty), cert. denied, 118 S. Ct. 2389 (1998).  Reyes has not demonstrated reversible error, plain or otherwise.  His sentence is, therefore,

AFFIRMED.